Submitted July 24—decided July 27, 1972

JOHN H. MILLER ET AL. *v.* GLORIA SCHAFFER,
SECRETARY OF THE STATE OF
CONNECTICUT, ET AL.

## ORDER

PER CURIAM. This case was brought to the Superior Court in Hartford County and returned the first Tuesday of November, 1971. By way of relief, the plaintiffs have sought a declaratory judgment determining, inter alia, the validity of a plan for revision of the districts represented in the Connecticut General Assembly as submitted by the board appointed for that purpose pursuant to the provisions of the constitution of Connecticut, article third, § 6, sub-

sections (d) and (e), and by way of ancillary relief an order requiring the Secretary of the State and all state and municipal election officials charged with duties in the conduct of primary and general elections for members of the General Assembly to conduct such primaries and election in accordance with the said plan as construed and reformed. The judgment of the court was rendered August 23, 1972. By that judgment the court ordered certain changes to be made in the redistricting plan submitted by the board appointed pursuant to the provisions of article third, § 6, subsections (d) and (e) of the constitution of Connecticut and ordered that the plan be implemented and that the election for members of the General Assembly prescribed by article third, § 8, of the constitution of Connecticut should be held pursuant to that plan and in accordance with a detailed schedule.

The defendants have appealed to this court from that judgment. The Superior Court judge, pursuant to the provisions of Practice Book § 661 and upon a finding that "the due administration of justice requires him to do so," terminated the stay of execution otherwise resulting from those appeals. Defendants, pursuant to the provisions of Practice Book § 662, have moved that this court review the order terminating the stay of execution and have also moved that this court act to expedite the hearing of their appeals from the court's judgment.

This court has considered these motions.

It clearly appears that unless the order terminating the stay of execution is sustained by this court the electors of the state will be deprived of their constitutional right provided by article third, § 8, of the constitution of Connecticut to elect members of the General Assembly at a general election held

on the Tuesday after the first Monday of November in this year. We find no error in the conclusion of the Superior Court that the due administration of justice required the order which it entered terminating the stay of execution of its judgment. That order is affirmed.

It further appears that it is in the public interest that the defendants' appeals from the judgment of the Superior Court be heard at the earliest possible time. Accordingly, the motions of the defendants for an expedited appeal are granted. Acting pursuant to the provisions of Practice Book § 762, as amended, the provisions of Practice Book § 671 for the printing of the record and the provisions of Practice Book § 723, as amended, requiring the submission of printed briefs and appendices in prescribed form, are suspended and it is ordered that argument be heard upon the submission of typewritten copies of the record, briefs and appendices, subject to later submission in manner and form as prescribed by the rules of this court. It is further ordered that the chief justice is authorized, upon consultation with counsel, the trial court and the clerk of this court, to prescribe a time schedule for the submission of draft findings, counter findings, a finding, the submission of the record, assignments of error, briefs and reply briefs and to assign the appeal for hearing at the earliest practicable date.

In rendering this decision and entering these orders, this court is not unaware of the fact that subsequent to the bringing of this action in the courts of the state of Connecticut and while the action has been proceeding in the state courts some of the parties and some of the attorneys for parties to the action have nevertheless undertaken to induce the United States District Court for the District of

Connecticut to adjudicate some of the same issues and to negate the jurisdiction of the courts of this state. Jurisdiction over this litigation is, nevertheless, retained by the courts of this state by virtue of the primary and original jurisdiction obtained and exercised by the Superior Court of the state of Connecticut prior to any invocation of federal jurisdiction.

*Kenneth J. Laska, Robert Satter* and *James A. Wade,* in support of the motions.

*Harry W. Hultgren, Jr., Francis J. McCarthy* and *Richard R. Stewart,* in opposition.

Submitted August 25—decided September 5, 1972